

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
09/12/2012

| | | |
|---|---|---|
| IN RE: § § | CASE NO: 10-70606 | |
| GABRIEL G. RODRIGUEZ § § | CHAPTER 7 | |
| Debtor(s). § § | JUDGE ISGUR | |
| § | | |
| MICHAEL SCHMIDT § § | | |
| Plaintiff(s), § § | | |
| vs. § § | ADVERSARY NO. 11-7012 | |
| APOLINAR RODRIGUEZ, *et al* § § § | | |
| Defendant(s). § | | |

### MEMORANDUM OPINION

Michael Schmidt's (the Trustee's) Motion for Reconsideration, (ECF No. 87), is granted in part and denied in part.

### Background

After a discovery dispute arose in this adversary proceeding, Schmidt submitted approximately 2,000 documents for *in camera* inspection.

Based on the parties' pleadings, the Court understood the dispute to be the extent to which the "common interest" privilege[1] protected these documents from discovery. The Court ruled that the "common interest" privilege protected only communications prior to July 29, 2011

---

[1] The Texas Rules of Evidence state: "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client . . . by the client or a representative of the client, or the client's lawyer or a representative of the lawyer, to a lawyer or a representative of a lawyer representing another party *in a pending action and concerning a matter of common interest therein* . . . ." TEX. R. EVID. 503(b)(1)(C) (emphasis added). Although often referred to as the "common interest" privilege, the Texas Supreme Court stated that "allied litigant" doctrine is a more accurate name. *See In re XL Specialty Ins. Co.*, --- S.W.3d ---, 2012 WL 2476851 (Tex. June 29, 2012). For this Memorandum Opinion, the Court will use the term "common interest" privilege.

1 / 4

(the date the adversary proceeding was filed). (ECF No. 79). Therefore, the Court ordered Schmidt to produce the documents labelled "Trustee Bates No. 00001-00607." (ECF No. 78).

Schmidt filed a Motion for Reconsideration. (ECF No. 87). Schmidt argues: (i) some of the documents labelled "Trustee Bates No. 00001-00607" are privileged for reasons other than the "common interest" privilege; and, (ii) the date of the related bankruptcy petition should be used for the "pending action" requirement[2] as opposed to the date of the adversary proceeding. (ECF No. 87).

## Analysis

**Documents Protected by Additional Privileges**

The Trustee is correct that certain of the documents are privileged irrespective of the "common interest" privilege. The documents labeled "Trustee Bates No. 00298-00315; 00219-00327; 00329-00398; and 00491-00607" are communications between the Trustee and his counsel only. TEX R. EVID. 503(b)(1)(A).[3] They are privileged and need not be produced.[4]

**"Pending Action" Requirement**

The "common interest" privilege only applies where there is active, ongoing litigation. TEX. R. EVID. 503(b)(1)(A); *In re XL Specialty Ins. Co.*, --- S.W.3d ---, 2012 WL 2476851 (Tex. June 29, 2012). This is known as the "pending action" requirement.

Schmidt argues the Court should use the date of the bankruptcy petition in the main case

---

[2] The Texas Supreme Court ruled that Rule 503(b)(1)(C) has a "pending action" requirement, meaning that there must be active, ongoing litigation in order for the "common interest" privilege to be applicable. *See In re XL Specialty Ins. Co.*, --- S.W.3d ---, 2012 WL 2476851 (Tex. June 29, 2012).

[3] State privilege law governs in civil actions and proceedings where state law provides the rule of decision. FED. R. EVID. 501.

[4] This assumes that Sharon Yarnell is an employee of the Trustee or of the Trustee's counsel, or counsel to the Trustee herself. Sharon Yarnell is a recipient of those documents labeled "Trustee Bates No. 00591-00607." If Sharon Yarnell is not so employed, the documents labeled "Trustee Bates No. 00591-0067" are not privileged.

as opposed to the date this adversary proceeding was filed. (ECF No. 87 at 3). The result of the Court's current ruling is that preliminary conversations with allied counsel, often necessary to ensure compliance with Rule 9011, will not be privileged:

> If the Court's interpretation of "pending action" is limited to this adversary proceeding, then the Trustee is placed in the position of having to file a lawsuit against Bellows Operating Company Ltd. first without having the privilege protection of communications with allied counsel as to the underlying facts and potential strengths and weaknesses of any actions. The Trustee, of course, would not do this because he is compelled to fulfill his obligations under Rule 9011 of the Federal Rules of Bankruptcy Procedure to make an inquiry reasonable under the circumstances prior to instituting suit with representations to the Court. Unfortunately, under the Court's Order, it appears that all of the Trustee's Rule 9011 inquiries prior to filing the adversary proceeding within the bankruptcy case are now discoverable.

(ECF No. 87 at 3).

Schmidt's concern is valid. The Texas Supreme Court acknowledged concerns with Texas's "pending action" requirement, which has been criticized and stands in contrast to the proposed federal rule. *See In re XL Specialty Ins. Co.*, --- S.W.3d ---, 2012 WL 2476851 (Tex. June 29, 2012) ("Although criticized, the pending action requirement limits the privilege to situations where the benefit and the necessity are at their highest, and . . . restrict[s] the opportunity for misuse.") (internal citations and quotations omitted).

Schmidt's argument that this concern is heightened in a bankruptcy context, and that this should affect the Court's decision, is not valid. The scenario discussed by Schmidt (a lawyer forced to engage in prelitigation nonprivileged communications to ensure satisfying the Rule 11/Rule 9011 requirements) is equally applicable outside of bankruptcy. Even if the concern were heightened in a bankruptcy context, this Court is bound by state law with respect to the application of the "common interest" privilege. This portion of the motion for reconsideration is denied.

## Conclusion

The Court will issue an Amended Order in accordance with this Memorandum Opinion.

SIGNED **September 12, 2012.**

                                                              Marvin Isgur
                                   UNITED STATES BANKRUPTCY JUDGE